PETER Y. TAYLOR, JR. AND RUTH A. TAYLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Dock Nos. 4047-77, 4064-77, 12314-78.
United States Tax Court
T.C. Memo 1980-313; 1980 Tax Ct. Memo LEXIS 271; 40 T.C.M. (CCH) 966; T.C.M. (RIA) 80313; August 13, 1980, Filed Peter Y. Taylor, Jr., pro se. Edward J. Roepsch, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In these consolidated cases respondent determined the following deficiencies in Federal income taxes and additions to tax under sections 6651(a)(1) [1]/ and 6653(a): Addition to Tax
Docket No.
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
4047-77
1972
$ 351.60
$0
$0
4047-77
1973
94.37
0
0
4064-77
1974
430.39
0
0
12314-78
1975
1,973.39
543.12
158.37
*273 The issues for decision are as follows: 1. Whether petitioner is taxable on wages earned as an employee which he transferred to a so-called family trust; 2. Whether petitioner's failure to file a timely Federal income tax return for 1975 was due to reasonable cause within the meaning of section 6651(a); and 3. Whether any part of the underpayment of tax for 1975 was due to petitioner's negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). FINDINGS OF FACT At the time the petitions in these cases were filed, petitioner was a legal resident of Wisconsin. Petitioner and his former wife filed joint Federal income tax returns for 1972, 1973, and 1975 with the Internal Revenue Service Center, Kansas City, Missouri. For 1974, they filed separate individual returns. The return for 1975 was filed April 25, 1977. On or about June 24, 1971, petitioner executed a document entitled "Declaration of Trust of this Constitutional Trust," purporting to create a revocable trust operating under the name Peter Y. Taylor, Jr., Family Estate (A Trust) (hereinafter the Family Trust). The declared purpose of the Family Trust was-- to *274 accept the exclusive use of PETER Y. TAYLOR, JR.'s lifetime services including ALL his earned remuneration from ANY current, outside source and to accept certain of his personal property in exchange for ALL the beneficial interests of THIS TRUST so that the Peter Y. Taylor, Jr. Family can maximize their lifetime efforts through the utilization of ALL their constitutional rights * * *. On June 30, 1971, petitioner executed a document containing the following: NOW THEREFORE: it is agreed as follows: (1) The IRREVOCABLE CONVEYANCE: I, Peter Y. Taylor, Jr., being of sound and disposing mind and memory, do make, publish and declare the following to be my wish and desire to hereby IRREVOCABLY CONVEY to The Peter Y. Taylor, Jr. Family Estate (A Trust) the exclusive use of my lifetime services and all resultant earned remuneration and to be earned remuneration from all and any outside source; and all my right, title and interest in said earnings from my services rendered or to be rendered, said services and resultant remuneration therefrom, from this date forth, to be controlled, directed and owned SOLELY by THIS TRUST. (2) PAYMENT for IRREVOCABLE CONVEYANCE: Upon execution of this *275 instrument, the Accepting Trustees of The Peter Y. Taylor, Jr. Family Estate (A Trust) issue to me all the beneficial interests in said Trust, numbering one hundred (100) Units, receipt of which is hereby acknowledged; said Units being issued in a fair and equal exchange for the above mentioned personal property and rights thereto, which together form the initial corpus of this Trust. (3) NOTICE of IRREVOCABLE CONVEYANCE: I, Peter Y. Taylor, Jr., hereby notify the Accepting Trustees of The Peter Y. Taylor, Jr. Family Estate (A Trust), by delivering by hand this instrument to the Accepting Trustees for permanent recording in the official Minutes of THIS TRUST; that, from this date forth, all checks, vouchers, emoluments of whatsoever nature made payable to or earned by me for any and all outside services rendered or to be rendered by me, will henceforth be endorsed over to and/or deposited to the account of, or registered in the name of The Peter Y. Taylor, Jr. Family Estate (A Trust). Thereafter petitioner deposited his earnings in a bank account maintained in the name of the Family Trust, and he and his former wife drew checks on that account to pay their personal living and *276 family expenses. One hundred units of so-called "beneficial interest" were initially issued to petitioner on June 24, 1971, in exchange for his purported irrevocable conveyance of his lifetime service to the trust, as well as the conveyance of certain personal property. On July 4, 1971, the Family Trust purportedly canceled petitioner's certificate for 100 units of beneficial interest and issued two certificiates for 50 units each of beneficial interest to petitioner and his former wife. Petitioner was designated trust manager and his duties were to handle the day-to-day operations of the Family Trust. Petitioner and his former wife remain the sole beneficiaries of the Family Trust. During 1972 through 1975, petitioner was an employee of G.I. Supply Co. and earned wages in the following amounts: Year
Amount
1972
$7,345.62
1973
7,882.11
1974
8,522.54
1975
5,807.50
Petitioner did not report these wages as income on his returns for the respective years. Instead he reported the following amounts as "Manager fees" paid by the Family Trust, as excessive Federal Insurance Contributions Act (FICA) taxes with respect to the Federal income taxes withheld by G. *277 I. Supply Co., and as self-employment tax liabilities: Excess
Manager
FICA Tax
Self-Employment
Year
Fees
Withheld
Tax
1972
$3,631.99
$394.66
$ 272.40
1973
3,553.40
461.10
284.27
1974
4,414.36
498.58
348.73
1975
3,874.98
319.27
306.12
During 1972 through 1975, petitioner and his former wife owned a 3-bedroom house which they purportedly rented to the Family Trust. Petitioner included in his income tax returns for those years the following gross rental income and net rental income: Year
Gross Rental Income
Net Rental Income
1972
$ 0
$0
1973
2,280
(182.06)
1974
2,280
(257.72)
1975
2,280
(322.60)
For 1972 through 1975, petitioner and his former wife reported the following distributions from the trust: Year
Petitioner
Wife
Total
1972
$100
$100
$ 200
1973
505
505
1,010
1974
0
0
0
1975
0
0
0
In 1971 petitioner created another trust entitled Trailor Transport (A Trust) (hereinafter the Trailor Trust). The alleged purpose of the Trailor Trust was to provide transportation for the benefit of the Family Trust. During the years in issue, the Family Trust paid the Trailor *278 Trust the following amounts for transportation services and the Trailor Trust reported the following amounts on fiduciary income tax returns: Paid by
Reported as Income
Year
Family Trust
by Trailor Trust
1972
$780.00
$ 780.00
1973
933.00
1,800.00
1974
936.00
1,800.00
1975
546.00
1,048.32
The additional amounts, as indicated above, which were reported by the Trailor Trust in excess of the amounts paid to it by the Family Trust were paid by petitioner and his former wife to the Trailor Trust for transportation services. The source of the funds used to make the payments was petitioner's wages from G.I. Supply Co. Petitioner and his former wife as trustees and petitioner as trust manager had sole discretion to decide what expenses would be paid by the Family Trust as well as the Trailor Trust. Petitioner and his former wife were the only individuals who signed checks on behalf of the trusts. The wages received by petitioner's former wife during the years in issue were reported on the joint Federal income tax returns for 1972, 1973, and 1975 and on her individual return for 1974. OPINION Despite the execution of the complicated papers purporting *279 to create the Family Trust and the Trailor Trust and the transfer of funds to and from those creations, the fact remains that petitioner was the one who earned his wages from G.I. Supply Co. during the years in issue. If any principle is established in the income tax law it is that income is taxed to the one who earns it. . Thus, petitioner is taxable upon his earnings. Trust devices similar to the ones here in issue have repeatedly been found to be anticipatory assignments of income which did not relieve the wage earner or other owner (of interest or rental income) of taxation upon his income regardless of the effect of those assignments under State law. See, e.g., , on appeal (10th Cir., June 2, 1980); ; ; , affd. per order (7th Cir., June 7, 1978), cert. denied . This case must be added to the growing list. [2]/ *280 There remains the issues as to the applicability of the additions to tax under sections 6651(a)(1) and 6653(a). Petitioner's Federal income tax return for 1975, due April 15, 1976, was not filed until April 25, 1977. Section 6651(a)(1) [3]/ calls for the imposition of an addition to tax unless a taxpayer shows that a delinquency in filing a return is due to "reasonable cause." Petitioner presented no evidence on this issue. We must, therefore, sustain respondent's determination on this issue. *281 Section 6653(a) calls for the imposition of an addition to tax for negligence or intentional disregard of the rules and regulations. On consideration of the trial record as a whole, we are convinced that the sole purpose of this entire elaborate scheme of trusts was tax avoidance. Petitioner is an intelligent person. We are convinced that he knew that the tax laws did not permit him to avoid income taxes on his earnings by assigning them to a trust. If he did not know this to be true, we think a reasonable, prudent man would have consulted one knowledgeable in the tax laws before embarking on a venture as drastic as one calling for him to assign his lifetime earnings to a trust. Petitioner has not carried his burden of proof on this issue. To reflect the foregoing, Decisions will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. /↩ Having based our decision on this ground, we need not deal with respondent's other arguments that petitioner is the "owner" of, and taxable on, the income of the trusts under secs. 671 through 677, see e.g., , on appeal (10th Cir., June 2, 1980); , and that the trusts were void for tax purposes because they lacked economic reality. . We note that respondent has made or conceded adjustments designed to unscramble the various income assignments made by petitioner in his tax avoidance gambits and to limit his tax liability to the amount which he owes.
3. / SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In the case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩